**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO ROSAS-FELIX, | No. 19-72337 |
| Petitioner, | Agency No. A077-218-308 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2021[**]
San Francisco, California

Before: BERZON, CHRISTEN, and BADE, Circuit Judges.

Pedro Rosas-Felix, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' (BIA) dismissal of his appeal from an

Immigration Judge's (IJ) decision denying his application for deferral of removal

under the Convention Against Torture (CAT). Rosas-Felix also seeks review of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the BIA's decision not to disturb the IJ's determination that his conviction constituted a particularly serious crime (PSC), and that, as a result, he is statutorily ineligible for asylum and withholding of removal. Because the parties are familiar with the factual and procedural background of this case, we will not restate it here.

We review the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

**1.** Substantial evidence supports the BIA's denial of Rosas-Felix's application for deferral of removal under CAT because the record does not compel the conclusion that it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). The BIA reasonably determined that the incidents Rosas-Felix experienced—including two beatings at the hands of unknown individuals in a United States prison, receipt of a threatening letter, and an incident in which his truck was shot at in Mexicali—did not establish that he would be subjected to torture if removed to Mexico, even when viewed in conjunction with the deaths, kidnapping, and harm his family members had suffered. Absent evidence of any "*particularized threat* of torture" beyond that which all citizens of

2

Mexico face, Rosas-Felix cannot obtain relief under CAT. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (citation omitted).

Further, the failure of the police to bring the murderers of Rosas-Felix's father and brother to justice "is not in itself sufficient to establish acquiescence in the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Although Rosas-Felix testified that his family fears the police because they believe the police work alongside organized crime, he admitted that he has no evidence of such corruption. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017) ("Police ineffectiveness is not enough to establish an entitlement to relief, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations." (internal quotation marks and citation omitted)).

2. The BIA did not abuse its discretion in declining to remand to allow Rosas-Felix to withdraw his attorney's concession that his conviction constitutes a PSC rendering him ineligible for asylum and withholding of removal. Absent "egregious circumstances," such as an "intervening change in law," an individual in immigration proceedings is bound by his attorney's admissions. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830–31 (9th Cir. 2011) (citations omitted). Rosas-Felix asserts that this court's intervening decision in *Lorenzo v. Sessions*, 902 F.3d 930 (9th Cir. 2018), *withdrawn by Lorenzo v. Whitaker*, 913 F.3d 930 (9th Cir. 2019), establishes that his conviction did not qualify as a controlled

3

substance offense under 8 U.S.C. § 1227(a)(2)(B)(i); therefore, he contends his conviction would also not qualify as an aggravated felony relating to illicit trafficking in a controlled substance, making his concession that his conviction was a PSC invalid. But *Lorenzo v. Sessions* was withdrawn, *Whitaker*, 913 F.3d at 930; the superseding disposition, 752 F. App'x 482 (9th Cir. 2019), is a non-precedential unpublished memorandum decision and did not change the law, *see In re Burns*, 974 F.2d 1064, 1068 (9th Cir. 1992).

In any event, *United States v. Rodriguez-Gamboa*, 972 F.3d 1148 (9th Cir. 2020), forecloses any contention that a conviction for possessing methamphetamine for sale under Cal. Health & Safety Code § 11379 does not fit the federal definition of controlled substance and, therefore, cannot constitute a drug trafficking aggravated felony disqualifying Rosas-Felix from asylum and cancellation of removal. There, this court held "as a matter of law, that California's definition of methamphetamine is a categorical match to the definition under the federal [Controlled Substances Act]." *Id.* at 1154 n.5.

**PETITION FOR REVIEW DENIED.**